IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER FERNANDEZ,

      Petitioner,                      No. CV F 05 0040 ALA HC

  vs.

BRAD ESPINOSA, Warden.,

      Respondent.                    ORDER

      Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below the petition is denied.

**I**

      On July 4, 2003, at a prison disciplinary hearing, Petitioner was found guilty of "being under the influence of a controlled substance." The Senior Hearing Officer reviewed the Toxicological Laboratory Report, which showed that Petitioner tested positive for methamphetamine and amphetamine. Petitioner claimed that he consumed "Contac" allergy medication prior to being tested, which produced a "false positive" on the urinalysis results. Petitioner lost 130 days of good-time credits, and also lost his job as a prison barber.

      On July 7, 2004, the Superior Court for Kings County, denied Petitioner's application for a writ of habeas corpus. On August 3, 2004, Petitioner sought review by the California Court

1

of Appeal, which also denied his application. The California Supreme Court denied his petition on September 16, 2004.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A federal habeas court reviews challenges to the sufficiency of the evidence by determining whether after "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).  "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979).

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

### III

Since there is no reasoned opinion set forth by the state, this court will independently review the record of the prison disciplinary hearing.  In the instant case, Petitioner claims his Fourteenth Amendment due process rights were violated because he was not provided with copies of the documents related to his charge (including the urinalysis results), nor was he given these documents for use upon appeal.  Respondents claim that, "the Petition must be denied since no Supreme Court precedent establishes that Petitioner is constitutionally entitled to a retest of his urine."  Answer at 4:10.

### A

Petitioner has a due process right to present documentary evidence in his defense, when doing so would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).   In the context of an inmate's right to produce documentary evidence, the United States Supreme Court has noted that deference is often due to prison officials, and that the due process clause does not deprive them of discretion by subjecting

them to "unduly crippling constitutional impediments." *Wolff*, 418 U.S. at 566-67. Accordingly, some deference is due to Respondents' claims that their actions were dictated by administrative necessity. Moreover, there is no constitutional provision that requires prison officials to supply an inmate with a copy of test results or to let him view the evidence in a prison disciplinary hearing. *See, e.g., Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir. 1990) (holding that due process does not require prison officials to provide a drug re-test or provide an inmate with the documentary evidence of the results).

In addition, there is sufficient evidence here to support Petitioner's conviction. In *Superintendent v. Hill*, 472 U.S. 445, (1985), the Court described the amount of evidence necessary to support a finding in the context of prisoner disciplinary proceedings:

> We hold that the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was *some evidence* from which the conclusion of the administrative tribunal could be deduced . . . ." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board . . . . we decline to adopt a more stringent evidentiary standard as a constitutional requirement.

*Id*. at 455-56 (emphasis added and citations omitted).

Urinalysis reports have been found to be sufficiently reliable to satisfy the "some evidence" standard for purposes of a due process claim. *See, e.g., Pool v. Haro*, 2006 U.S. Dist. LEXIS 9403, at *11 (E.D. Cal. Mar. 8, 2006) (holding that positive urinalysis results constitute "some evidence" of petitioner's drug use); *White v. Croswell*, 1992 U.S. App. LEXIS 13367, at *3 (9th Cir. May 29, 1992) (holding that a positive urinalysis test proves some evidence of intoxication regardless of the chain of custody).[1] Therefore, Petitioner's claim fails because the positive urinalysis report alone was sufficient evidence to satisfy due process.

---

[1] Unpublished opinion citing, *Thompson v. Owens*, 889 F.2d 500, 501 (3d Cir. 1989) (holding that positive urinalysis results meet the "some evidence" standard).

1   Additionally, Petitioner argues that if officials fail to submit a urinalysis re-test, any test
2 results based on the first test must be considered unreliable. There is no case law to support
3 Petitioner's argument. The due process requirements in this context are minimal, and they are met
4 here. *See, e.g., Jones-Heim v. Reed*, 2007 U.S. App. LEXIS 15014, at *3 (9th Cir. June 6, 2007)[2].

**B**

6   Petitioner also argues that his due process rights were violated because he was not given
7 the incident and sobriety reports for his appeal.  However, there is no case law that states that an
8 inmate has a constitutional right to have these documents for the purposes of appealing the ruling
9 of a disciplinary board.  Petitioner cites *Wolff*, 418 U.S. at 554, for the proposition that
10 documentary evidence must be given to inmates for appeal.  However, *Wolff* only states that
11 inmates have a right to documentary evidence at their disciplinary hearing, and mentions nothing
12 about the right to documents for appeal.  *Wolff*, 418 U.S. at 539.

13   Additionally, courts have held that even after a disciplinary hearing, an inmate does not
14 have a constitutional right to documentary evidence regarding the results of a drug test. *See, e.g.,*
15 *Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir. 1990) (holding that due process does not require
16 prison officials to provide a drug re-test or provide an inmate with the documentary evidence of
17 the results).  Because there is no case law that gives Petitioner the right to documentary evidence
18 upon appeal regarding drug tests, Petitioner's due process claim fails.

**IV**

20   In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application for
21 habeas corpus relief under § 2254 is denied.

---

[2]In *Reed*, Petitioner tested positive for drugs and lost good-time credit at his disciplinary hearing.  Petitioner claimed that his medication "Midrin" caused a false-positive on the urinalysis.  The court ruled that since he tested positive in the initial test, the "some evidence" standard was met under *Hill*, and his application for habeas corpus was denied. *Id. at *3 (citing *Thompson*, 889 F.2d at 501).

1 /////

2 DATED: February 7, 2008

4                                         /s/ Arthur Alarcón
                                        UNITED STATES CIRCUIT JUDGE

5                                         Sitting by Designation